**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 13, 2021

LETTER TO PARTIES

RE:   *Eric R. v. Kijakazi*
       Civil No. SAG-20-3421

Dear Plaintiff and Counsel:

On November 24, 2020, Plaintiff, proceeding *pro se*, filed a complaint in which he contested a decision by the Commissioner of the Social Security Administration ("SSA"). ECF No. 1. Plaintiff subsequently filed several items with the Court, including a Motion for Extension of Time, ECF No. 12; "Motion in Controversy – Article III," ECF Nos. 13, 14 (collectively, "Plaintiff's Motions"); "Objection to any Defense," ECF No. 17; and "Affidavit on Affirmation," ECF No. 18.[1] The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). ECF No. 15. The Commissioner also stated that, in the alternative, Plaintiff's complaint should be considered as a motion to dismiss for improper venue pursuant to Rule 12(b)(3), or for summary judgment pursuant to Rule 56. *Id.* I have carefully reviewed the parties' filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Commissioner's motion must be granted, and Plaintiff's motions must be denied.

The Commissioner first argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. However, recent caselaw suggests that a plaintiff's failure to exhaust administrative remedies may not create a jurisdictional defect. "[W]hether a particular exhaustion requirement . . . is jurisdictional turns on the statutory language and the purpose of the exhaustion at issue." *Stewart v. Iancu*, 912 F.3d 693, 701 (4th Cir. 2019). The Fourth Circuit has interpreted the exhaustion requirement of the statute at issue in this case—42 U.S.C. § 405(g)—as nonjurisdictional. *Accident, Injury and Rehabilitation v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019) ("While the exhaustion requirement of § 405(g) is mandatory, it is well established that it is not jurisdictional."). The Commissioner's argument that Plaintiff failed to exhaust his administrative remedies is thus improperly presented under Rule 12(b)(1). Therefore, I will turn to the Commissioner's alternative argument for dismissal pursuant to Rule 12(b)(3).

Proper venue is determined by the district where the plaintiff resides. *See* 42 U.S.C. § 405(g) (stating that an individual challenging a "final decision of the Commissioner of Social Security made after a hearing to which he was a party" may bring a civil action "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business"). Plaintiff is a resident of New Jersey. *See* ECF No. 1 (listing Rahway, New

---

[1] Plaintiff also filed an "Emergency Motion" received on November 12, 2021. ECF No. 19. This Emergency Motion was denied. ECF No. 20.

*Eric R. v. Kijakazi*
Civil No. SAG-20-3421
December 13, 2021
Page 2

Jersey as Plaintiff's place of residence), ECF No. 1-3 (addressed to Plaintiff in Rahway, New Jersey). Therefore, this case cannot proceed in this Court, which is in Maryland. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Instead, the proper venue for this case would be in the district court where Plaintiff resides in New Jersey.

While, if it were in the interest of justice to do so, this Court could transfer this case to the proper venue in New Jersey, that is not the proper course of action here, because Plaintiff has not provided evidence that he exhausted his administrative remedies. Accordingly, this Court shall dismiss the Complaint pursuant to 28 U.S.C. § 1406(a).

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 15, is GRANTED and Plaintiff's Motions, ECF Nos. 12 & 13, are DENIED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                                      Sincerely yours,

                                                      /s/
                                                      Stephanie A. Gallagher
                                                      United States District Judge